IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11156
Summary Calendar
_____

PAULA STROTHERS,

                                        Plaintiff-Appellant,

versus

ELIZABETH SAMFORD, Disciplinary Hearing
Officer; WENDY J. ROAL, Administrator
National Inmate Appeals U.S. Bureau of Prisons;
O. IVAN WHITE, JR., Regional Director; JOSEPH B.
BOGAN, Warden Federal Medical Center Carswell;
LISA AUSTIN, Unit Manager Administrative Unit
Federal Medical Center Carswell,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:99-CV-797-A
- - - - - - - - - -
March 31, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

        Paula Strothers appeals the district court's dismissal of

her civil rights complaint pursuant to <u>Bivens v. Six Unknown

Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971),

for failure to state a claim.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii).

_____

        [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Strothers alleges that her constitutional rights were violated when she was deprived of her mattress for 12-15 hours a day as a result of disciplinary proceedings against her and that she was exposed to excessively cold temperatures of 40 degrees in her cell. Strothers also seeks permission to file a supplemental pleading containing new factual information, and she moves for the appointment of counsel.

Strothers' motion for permission to file a supplemental pleading containing new evidence is DENIED. See Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999) (stating "[a]n appellate court may not consider new evidence furnished for the first time on appeal and may not consider facts which were not before the district court at the time of the challenged ruling"), petition for cert. filed, (Jan. 18, 2000) (No. 99-1203).

"To test whether the district court's dismissal under § 1915 was proper, this Court must assume that all of the plaintiff's factual allegations are true." Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998). "The district court's dismissal may be upheld, only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." Id. (internal quotation and citation omitted). Although the district court correctly determined that Strothers failed to state a claim for relief with regard to the deprivation of her mattress during a portion of the day, it failed to consider her assertion that the temperature in her cell posed a serious risk to her health. "Prisoners have a right to

protection from extreme cold." See Palmer v. Johnson, 193 F.3d 346, 353 (5th Cir. 1999) (quoting Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997)). Strothers' allegations that the temperature in her cell was 40 degrees and that the defendants deliberately failed to take action even after being informed of this condition, are sufficient to allow her to further pursue this claim. Therefore, that portion of the district court's judgment dismissing Strothers' claim regarding the deprivation of her mattress is AFFIRMED, and that portion of the district court's judgment dismissing her claim regarding exposure to excessively cold temperatures is VACATED and REMANDED for further proceedings.

Strothers' motion for appointment of counsel and request to file this motion and its supporting brief in present form are DENIED as moot in light of the remand of these proceedings to the district court.

AFFIRMED IN PART, VACATED IN PART; MOTIONS DENIED.